IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1891.

## ESTATE OF MARK WATSON, DECEASED.

APPEAL BY MARY R. NIGHTLINGER FROM THE ORPHANS'
COURT OF PHILADELPHIA COUNTY.

Argued January 14, 1891—Affirmed at Bar.

On the death of her husband, a widow is not entitled to an interest in a
fund bequeathed to a trustee, the income to be paid to her husband
during his lifetime, and at his death the principal to be paid over to
other persons designated: Cochran v. O'Hern, 4 W. & S. 95; Dubs v.
Dubs, 31 Pa. 149; Johnson v. Fritz, 44 Pa. 449, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 296 January Term 1890, Sup. Ct.; court below, No. —
October Term 1881, O. C.

On November 4, 1889, in the adjudication of the account of
Thomas Bradfield, trustee of Mark Watson, deceased, under
the will of Mary Watson, deceased, it was made to appear as
follows:

Mary Watson died December 14, 1876, leaving a will dated
November 13, 1876, duly admitted to probate, wherein she
provided that all the estate, real, personal and mixed, of which

(461)

she should die seised, should be converted into money by her executors as soon as the same could be done, and that after the payment of the debts and funeral expenses, etc., the residue should be divided into four equal parts, three of which she gave and bequeathed to a son and two daughters, one equal share to each, and as to the fourth share providing as follows :

"And the remaining one equal fourth part or share I give and bequeath unto my friend Thomas Bradfield, of the city of Philadelphia, attorney at law, his heirs, executors and administrators forever, in trust, nevertheless to have and to hold the same for the uses and purposes following, to wit : To have, hold and invest the principal sum so received as aforesaid in good real estate securities and keep the same so invested, and from time to time, as the interest, income and profits shall be got in and received, to pay the same over to my said son Mark Watson, during all the term of his natural life, and after the decease of my said son Mark, to pay the principal sum of said one fourth part or share over to the lawful child or children of the said Mark Watson, if more than one, share and share alike ; any deceased child leaving lawful issue, such issue to take and receive the part or share his or her parent would have received and taken if living ; and, in the event of my said son Mark dying in my lifetime, or without leaving any such lawful child or children, or lawful issue of any deceased child or children, then the same to go or be paid over as hereinafter provided in case of a legatee dying in my lifetime."

The testatrix then provided that, in the event that either of her said four above-named children should die in her lifetime leaving no lawful child or children, the part or share given or bequeathed to such child, or in trust for him, should go to and be equally divided among the survivors and the lawful child or children of any such as might be deceased leaving such lawful child or children, such child or children to take per stirpes.

It was made to appear, also, that Mark Watson died on or about July 14, 1886, without issue, and leaving a widow, Mary R., afterwards married to William Nightlinger.

Mrs. Nightlinger made claim for a portion of the fund in the trust estate, which claim the auditing judge disallowed and reported a distribution accordingly. Thereupon, the claimant filed exceptions alleging that the auditing judge erred :

1. "In not awarding to exceptant, absolutely, one half the fund held in trust for Mark Watson, deceased." [1]

2. "In not allowing exceptant's claim for dower in the trust estate of Mark Watson, deceased." [2]

On January 25, 1890, after argument of the exceptions before the court in banc, the following opinion dismissing them was filed, PENROSE, J.:

The difficulty in the way of the exceptants is not because the interest of the cestui que trust under the will of the testatrix was equitable merely, but because the gift was expressly confined to the term of his life, with limitation to his children, etc., etc. At his death, therefore, no right to any part of the principal so held could by any possibility pass to his widow or to his executor, and the doctrine of Cochran v. O'Hern, Dubs v. Dubs, Johnson v. Fritz, et id omne genus, has no application.

—Thereupon, the exceptant took this appeal, specifying that the court erred:

1, 2. In dismissing the exceptions filed.[1] [2]

*Mr. DeForrest Ballou*, for the appellant.

Counsel cited: Dubs v. Dubs, 31 Pa. 149; Van Rensselaer v. Dunkin, 24 Pa. 252; Shoemaker v. Walker, 2 S. & R. 554; Reed v. Morrison, 12 S. & R. 18; Kelly v. Mahan, 2 Y. 515; Faries' App., 23 Pa. 29; Lovett v. Lovett, 10 Phila. 537.

*Mr. H. S. Callaway* and *Mr. D. J. Myers, Jr.*, for the appellee, were not heard.

PER CURIAM:
—On the argument at Bar,

Judgment affirmed.